UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:23-cv-1434-SDM-SPF
     8:17-cr-90-SDM-SPF

ISAAC THOMAS
_____/

**ORDER**

Thomas moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions for possession of a firearm by a convicted felon and possession of a firearm within 1,000 feet of a school zone, for which he is imprisoned for a total of 180 months. Both the convictions and sentences accord with the plea agreement. Following a remand from the Supreme Court for consideration of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the circuit court affirmed the convictions and sentences. (Doc. 91 in 17-cr-90)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (affirming that the summary dismissal of a

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief'"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Thomas's convictions became final on June 21, 2021, upon the denial of his petition for a writ of *certiorari*. (Doc. 93) As a consequence, Thomas's one-year deadline was June 21, 2022. Thomas's motion to vacate is dated June 21, 2023, which is a year too late.

Thomas recognizes that his motion to vacate is untimely based on a one-year calculation under Section 2255(f)(1). Instead, affording the motion a generous interpretation, Thomas asserts entitlement to a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2255(f)(3). Because he filed his motion to vacate two days before the one year anniversary of *New York State Rifle & Pistol Association, Inc., v. Bruen*, 142 S. Ct. 2111 (2022), Thomas's motion to vacate timely asserts a

claim under *Bruen*. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), *Dodd v. United States*, 545 U.S. 353 (2005) (affirming summary dismissal of motion to vacate as time-barred).

The opening paragraph of *Bruen*, 142 S. Ct. at 2122 (bolding added), explains why the decision is inapplicable to Thomas:

> In *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, **law-abiding citizen** to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that ordinary, **law-abiding citizens** have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

When he committed the two offenses for which he is imprisoned, Thomas was not a "law-abiding citizen" but, as admitted in the plea agreement, a convicted felon whose "right to possess firearms and ammunition had not been restored." (Doc. 36 at 18 in 17-cr-90)

The motion (Doc. 1) under 28 U.S.C. § 2255 is **DENIED**. The clerk must (1) enter a judgment and close this civil case and (2) enter a copy of this order in the criminal case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL IN FORMA PAUPERIS

Thomas is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Thomas must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Thomas is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Thomas must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 13, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE